NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES A. WILLIAMS,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5070

---

Appeal from the United States Court of Federal Claims in No. 10-CV-753, Judge Victor J. Wolski.

---

Decided: December 18, 2013

---

JAMES A. WILLIAMS, of Toronto, Ontario, Canada, pro se.

CURTIS C. PETT, Attorney, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were KATHRYN KENEALLY, Assistant Attorney General, and ROBERT W. METZLER, Attorney.

---

Before DYK, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

James Williams appeals from a final judgment of the United States Court of Federal Claims that dismissed his complaint for lack of subject-matter jurisdiction. For the reasons set out below, we affirm.

BACKGROUND

On November 1, 2010, Mr. Williams filed a document in the Claims Court, which he apparently intended to be a complaint against the United States, seeking $1,138,303 in tax refunds based on tax returns Mr. Williams filed as trustee of the James A. Williams Trust. The government moved to dismiss the case for lack of subject-matter jurisdiction. On December 29, 2011, the Claims Court granted the government's motion and entered final judgment dismissing Mr. Williams's complaint. *James A. Williams Trust v. United States*, Case No. 10-753T, 2011 WL 6888650 (Fed. Cl. Dec. 29, 2011).

The Claims Court relied on 26 U.S.C. § 7422(a), which provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." The court found that the "tax refund claims submitted [to the United States] by Mr. Williams on behalf of his trust were clearly frivolous" and that the returns did not, therefore, constitute valid claims for a refund. *James A. Williams Trust*, 2011 WL 6888650, at *2. The Claims Court accordingly concluded that it lacked subject-matter jurisdiction over the case. *Id.*

On February 28, 2012, the Claims Court received a document titled "Notice of Petition for a Peremptory Writ of Mandamus," which it docketed as Mr. Williams's notice of appeal. The cover page of the petition that was at-

tached to the notice bears a stamp indicating that the Federal Circuit's clerk received it on February 23, 2012. The government moved to dismiss Mr. Williams's appeal on the ground that, because Mr. Williams's notice of appeal was received by the Claims Court one day past the 60-day deadline, *see* 28 U.S.C. §§ 2107(b), 2522; Fed. R. App. P. 4(a)(1)(B), it must be considered untimely. This court denied the government's motion to dismiss, "without prejudice to the parties addressing the jurisdictional issue to the merits panel." *Williams v. United States*, Case No. 2012-5070, slip op. at 2 (Fed. Cir. May 31, 2013). In its brief on the merits, the government continues to assert lack of appellate jurisdiction.

## DISCUSSION

Because the timely filing of a notice of appeal is "'mandatory and jurisdictional,'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61 (1982)), we must dismiss an untimely appeal for lack of jurisdiction. *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008). In this case, however, the appeal is timely. The document filed in the Claims Court as Mr. Williams's notice of appeal was first received by this court on February 23, 2013, before the February 27, 2013 deadline, and was apparently forwarded to the Claims Court in accordance with Federal Rule of Appellate Procedure 4(d). Under that rule, we deem the document to have been timely filed in the Claims Court on February 23, 2013. Fed. R. App. P. 4(d); 28 U.S.C. § 2522. There is no dispute that the document is effective as a notice of appeal, as it sufficiently identifies the party taking the appeal, the judgment being appealed, and the court to which the appeal is taken. Fed. R. App. P. 3(c)(1); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal. If a document filed within the time specified by Rule 4 gives

the notice required by Rule 3, it is effective as a notice of appeal.").

As to the merits of the appeal, we review de novo the Claims Court's dismissal for lack of jurisdiction. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). The "jurisdiction of the Court of Federal Claims is limited by the Internal Revenue Code, including 26 U.S.C. § 7422," and thus whether the Claims Court "has jurisdiction over these refund claims depends on whether the taxpayer['s] submissions to the [Internal Revenue Service] constitute a claim for refund." *Id.* at 1332-33. In order to constitute valid claims for refund, Mr. Williams's returns had to comply with various regulations promulgated by the Department of the Treasury, including the requirement that the returns be non-frivolous. *Id.*; 26 C.F.R. § 301.6402-2(b)(1) ("The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. . . . A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."). To be valid, a return must evince "'an honest and reasonable intent to supply the information required by the tax code.'" *Waltner*, 679 F.3d at 1334 (quoting *United States v. Moore*, 627 F.2d 830, 835 (7th Cir. 1980)).

We agree with the Claims Court that the tax returns on which Mr. Williams bases his suit are frivolous. Each return states a dollar figure on the line for interest income, then repeats that number on the lines for total income, taxable income, federal income tax withheld, total payments, overpayment, and amount to be refunded, while listing zeros for deductions, taxes, estimated tax penalty, and tax due. Mr. Williams's assertions of substantial income and zero tax liability do not indicate "'an honest and reasonable intent to supply the information required by the tax code.'" *Id.* Moreover, his assertions that the entire amount of his income was withheld each

year place the returns in the category of returns the IRS considers "'obviously false because . . . [withheld income] is disproportionately high in comparison with the income reported on the return.'" *James A. Williams Trust*, 2011 WL 6888650, at *2 (quoting I.R.S. Notice 2010-33, 2010-17 I.R.B 609, 611 (Apr. 26, 2010)).

Because we agree that Mr. Williams's returns were frivolous, we affirm the Claims Court's conclusion that it lacked jurisdiction to hear Mr. Williams's case.

CONCLUSION

For the foregoing reasons, we affirm the dismissal of Mr. Williams's complaint for lack of jurisdiction.

No costs.

**AFFIRMED**