NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MEIR PERETZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-1831

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01699-MBH, Senior Judge Marian Blank Horn.

---

OPINION ISSUED:  February 14, 2022
OPINION MODIFIED:  April 26, 2022[*]

---

MEIR PERETZ, New York, NY, pro se.

ISAAC B. ROSENBERG, Tax Division, Appellate Section, United States Department of Justice, Washington, DC, for

---

[*]    This opinion has been modified and reissued following a petition for rehearing filed by Appellant.

defendant-appellee.    Also represented by JACOB EARL CHRISTENSEN, DAVID A. HUBBERT.

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

TARANTO, *Circuit Judge*.

In 2000, Meir Peretz bought stock in Microsoft and Intel worth about $1.8 million.  In 2005, after he sold much of that stock (at a loss), his brokerage firm, which executed the sale, withheld from him some of the proceeds and paid the withheld money to the Internal Revenue Service (IRS).  Mr. Peretz applied to the IRS for a refund of those amounts, alleging that he did not owe a tax on the sale because the shares were sold at a loss.  But the IRS denied the refund.

Mr. Peretz then filed the present action in the U.S. Court of Federal Claims (Claims Court), seeking both a refund and damages for alleged IRS misconduct.  The court entered judgment dismissing the action on June 1, 2020, for lack of subject matter jurisdiction.  *Peretz v. United States*, 148 Fed. Cl. 586, 613 (2020); Appx. 36.  Then, 29 days after the entry of final judgment, Mr. Peretz filed a motion for reconsideration and a motion for leave to file an amended complaint.  The Claims Court denied both motions in December 2020.  *Peretz v. United States*, 151 Fed. Cl. 465, 477 (2020).  Mr. Peretz now appeals.

We dismiss in part and affirm in part.  We hold that we lack jurisdiction over the appeal of the June 2020 final judgment (and interlocutory rulings that merged into it) because Mr. Peretz did not file a timely notice of appeal from that judgment, and we therefore dismiss his appeal of that judgment.  We hold that we have jurisdiction over the appeal of the December 2020 order denying the post-judgment motions, but we affirm that order because, we conclude, the Claims Court did not abuse its discretion in denying the motions.

## I

In 2000, Mr. Peretz, a citizen of Israel and non-resident of the United States, bought about $1.8 million worth of stock in Intel and Microsoft. In 2005, he sold a large portion of that stock for approximately $428,000. The sale was executed by Mr. Peretz's brokerage firm, U.S.-based Citigroup, which reported the sales to the IRS. S.Appx. 1–3. The IRS sought from Citigroup a backup withholding on the sale as qualifying gross income earned by a non-resident alien individual from sources within the U.S. *See* 26 U.S.C. § 1441(a); § 3406(a)(1). Citigroup withdrew $121,288 from Mr. Peretz's brokerage account and paid it to the IRS. Appx. 96–100. Almost all of the payment (about $120,000) was backup withholding on the net sale proceeds; the remainder related to dividend distributions. *Id.*

Mr. Peretz alleges, and the Claims Court accepted as true in its ruling on appeal here, that, in April 2009, he sought a tax refund of the backup withholding by filing with the IRS both a Form W-7 (request for an individual TIN) and a Form 1040 (individual income tax return) for the year 2005. Appx. 104–09; *see Peretz*, 148 Fed. Cl. at 605 n.15, 611–12. The IRS rejected his Form W-7 in October 2009 and informed Mr. Peretz that he would not be issued a refund until he was assigned a valid TIN or social security number. Appx. 112–13. Mr. Peretz's accountant then filed a new Form W-7 and a Form 1040 in August 2010. Appx. 115; Appx. 435–40. In November 2010, the IRS rejected those submissions as untimely. Appx. 117.

In January 2011, the IRS asked for additional information to process Mr. Peretz's Form 1040 and directed him to respond within 20 days. Appx. 257–58. The record contains no response from Mr. Peretz within or near that period. More than four years later, in March 2015, he submitted a letter to the IRS requesting a refund and attached a copy of his 2005 Form 1040 Schedule D (listing his

capital losses).  Appx. 355; Appx. 344–45.  In July 2015, the IRS sent Mr. Peretz a notice of disallowance denying his refund claim as untimely because it was filed more than three years after the due date of his tax return.  Appx. 123–25.

In September 2015, Mr. Peretz sought reconsideration at the IRS's Office of Appeals, alleging that his 2005 Form 1040 was timely filed.  Appx. 251.  The Office denied his appeal in October 2016, because his refund claim was filed in August 2010, more than three years after the tax return due date of April 2006.  Appx. 245; Appx. 300.  The Office notified Mr. Peretz of his right to appeal the denial to a district court or the Claims Court within two years of the July 2015 notice of disallowance and explained that this deadline was not extended by the Office's reconsideration. Appx. 245; *see* 26 U.S.C. § 6532(a)(4) (providing that reconsideration after a notice of disallowance does not affect the deadline to file an appeal).

Mr. Peretz initiated the present action by filing a complaint in the Claims Court in October 2018 seeking a tax refund and damages.  Appx. 60–73.  He filed his complaint pro se, but beginning in December 2018, he was represented by counsel in the Claims Court (though he is now acting pro se in our court).  Mr. Peretz sought a refund of the $121,288 deposited by his brokerage firm with the IRS, plus costs and fees, and damages pursuant to 26 U.S.C. § 7433 for alleged "reckless and intentional misconduct" by the IRS in "confiscating and retaining monies it illegally converted."  Appx. 72.  The government moved to dismiss both claims for lack of subject matter jurisdiction.  It argued that (a) the refund claim was time-barred under 26 U.S.C. § 6532(a) because it was filed more than two years after the July 2015 mailing of the notice of disallowance, and (b) the damages claim under 26 U.S.C. § 7433(a) may be filed only in "a district court of the United States."

In September 2019, Mr. Peretz filed another claim with the IRS seeking a refund for the year 2005. S.Appx. 4–8. The IRS denied the newly filed claim in December 2019, and Mr. Peretz again appealed to the IRS's Office of Appeals. In March 2020, in light of Mr. Peretz's appeal to the Office, the Claims Court stayed the present case and ordered the government to file periodic status reports. Appx. 638. By May 2020, the Office of Appeals had taken no further action on that appeal, and the Claims Court lifted the stay.

On May 31, 2020, the Claims Court granted the government's motion to dismiss for lack of subject matter jurisdiction. *Peretz*, 148 Fed. Cl. at 613. First, it determined that Mr. Peretz's action for a refund was not timely filed in the Claims Court under 26 U.S.C. § 6532(a)(1), which has no "implied equitable exception." *Id.* at 604–05. Accepting as true Mr. Peretz's allegation that his Form 1040 was timely filed with the IRS in August 2009, the court concluded that Mr. Peretz missed the two-year statutory deadline for filing suit following the 2015 notice of disallowance. *Id.* at 611–12. It found implausible Mr. Peretz's allegation that he did not receive the July 2015 notice of disallowance sent via certified mail, and it ruled that, in any event, dismissal was compelled because (by statute) the two-year clock began on the date of mailing from the IRS. *Id.*

The court also determined that the IRS's December 2019 notice of disallowance did not trigger a new limitations period because the September 2019 claim disallowed in that notice was a repetitively filed claim (*i.e.*, repetitive of his April 2009 claim). *Id.* at 611. And the court rejected Mr. Peretz's argument that the time bar of 26 U.S.C. § 6532(a)(1) did not apply to his payments, explaining that the provision broadly covers suits for recovery of "any internal revenue tax, penalty, or other sum." *Id.* at 611–12. Finally, the court dismissed Mr. Peretz's damages claim under 26 U.S.C. § 7433(a), holding that such a claim must

be filed in a district court. *Id.* at 612. The court entered a final judgment on June 1, 2020. Appx. 36.

On June 30, 2020, Mr. Peretz filed a motion for reconsideration of the dismissal and a motion for leave to file an amended complaint. Appx. 665–80. Mr. Peretz did not initially specify the Rule he was invoking, but in his reply, he explained that he was seeking relief under Rules 59 and 60 of the Rules of the U.S. Court of Federal Claims (RCFC). On December 4, 2020, the Claims Court denied both motions. *Peretz*, 151 Fed. Cl. at 477. The court denied his Rule 59 motion to alter or amend the judgment because Rule 59 motions must be filed 28 days after the entry of judgment and Mr. Peretz's motion was filed 29 days after its entry. *Id.* at 471–72. The court deemed his Rule 60 motion timely but determined that Mr. Peretz did not establish a justification for relief. *Id.* at 477. Finally, the court determined that any amendment of his complaint would be futile and thus denied his motion for leave to amend his complaint. *Id.*

On February 17, 2021, Mr. Peretz moved for an extension of time to file a notice of appeal, and attached an affirmation in support of that extension, the underlying Claims Court decisions, and a document titled "Notice of Appeal." Appx. 799–801; S.Appx. 21. His counsel asserted that Mr. Peretz had contracted COVID-19 and was very ill. Appx. 800–01. The Claims Court granted the motion in part, determining that Mr. Peretz met the requirements for an extension of time to appeal only the December 2020 denial of reconsideration and denial of leave to amend his complaint, not the June 2020 judgment (or the previous day's grant of the motion to dismiss). The court granted an extension to file the appeal, to that extent, until March 16, 2021. Appx. 861–62 (citing Fed. R. App. P. 4(a)).

On April 5, 2021, Mr. Peretz filed a document titled "Amended Notice of Appeal," seeking a review of the December 2020 decision, the June 2020 final judgment, the

May 2020 decision, and the March 2020 stay order. Appx. 863–64. We address *infra* the timeliness of Mr. Peretz's appeals and this court's jurisdiction to review the Claims Court's various orders.

## II

## A

We first conclude that we do not have jurisdiction to hear Mr. Peretz's appeal of the June 2020 final judgment, because the appeal from that judgment was untimely. The timely filing of a notice of appeal "is a jurisdictional requirement" and courts have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). An appeal from a judgment in a civil action against the United States must be filed within 60 days from the entry of the final judgment being appealed. 28 U.S.C. § 2107(b)(1) (setting a 60-day time limit for appeals from district courts if the United States is a party);[1] Fed. R. App. P. 4(a)(1)(B). For a case against the United States in the Claims Court, a notice of appeal must be filed in the Claims Court "within the time and in the manner prescribed for appeals" from district courts. 28 U.S.C. § 2522. And "[n]o departure from [the principle in *Bowles*] is reflected in the Rules of the Court of Federal Claims." *Marandola v. United States,* 518 F.3d 913, 914 (Fed. Cir. 2008) (dismissing appeal not filed in the

---

[1]    Under 28 U.S.C. § 2107(a), "[e]xcept as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." Under § 2107(b), "[i]n any such action, suit, or proceeding, the time as to all parties shall be 60 days from such entry if one of the parties is— (1) the United States . . . ."

Claims Court within sixty days of the entry of judgment). Here, it is undisputed that Mr. Peretz did not file a notice of appeal in the Claims Court within 60 days of the June 2020 final judgment.

The time for filing a notice of appeal may be extended "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal . . . upon a showing of excusable neglect or good cause." 28 U.S.C. § 2107(c); *see* Fed. R. App. P. 4(a)(5). But Mr. Peretz did not bring himself within the coverage of this authorization of an extension of the appeal deadline. He did not file a motion for extension of time in the 30 days after the 60-day period to file the notice of appeal of the June 2020 final judgment: He filed his motion for extension only on February 17, 2021. Mr. Peretz contends, however, that he filed a timely motion for reconsideration that should have extended the time to file an appeal from the June 2020 judgment. That contention is incorrect.

Under Rule 4 of the Federal Rule of Appellate Procedure, which applies to Claims Court appeals by virtue of 28 U.S.C. § 2522, *see* Fed. Cir. R. 1(a)(1)(C); *see, e.g.*, *Williams v. United States*, 548 F. App'x 618, 619 (Fed. Cir. 2013), the time for filing a notice of appeal is extended if the party files in the trial court a motion under one of the specified Rules of the Federal Rules of the Civil Procedure, "and does so within the time allowed by those rules," Fed. R. App. P. 4(a)(4)(A). The specified motions include a motion "to alter or amend the judgment under Rule 59" and a motion "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(iv), (vi). A Rule 60 motion is subject to a 28-day requirement by the terms of Fed. R. App. P. 4(a)(4)(A)(vi); a Rule 59 motion to alter or amend the judgment is subject to a 28-day requirement by the terms of Fed. R. Civ. P. 59(e).

Mr. Peretz did not file either his Rule 59 motion or his Rule 60 motion within the allowed 28 days. He does not dispute that he filed those motions on June 30, 2020—which was 29 days after the entry of judgment. That was too late to appeal the June 1, 2020 judgment. *See Barnes v. United States*, 747 F. App'x 860, 861 (Fed. Cir. 2019) (determining that the filing of a Rule 60 motion filed "29 days after the Claims Court's judgment of dismissal . . . did not suspend the deadline to appeal"). And Mr. Peretz's February 17, 2021 notice of appeal, although timely filed with respect to the post-judgment orders, *see infra* Section II.B, cannot allow review of the underlying June 2020 judgment, *see Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

Mr. Peretz contends that the Claims Court should have extended the deadline to file his Rule 59 and Rule 60 motions because he experienced hardship in filing his motions on June 29, 2020. Specifically, he alleges that he attempted to file his motion on that day, but he could not do so online because of technical difficulties, and he could not do so in person because the court was "effectively closed" due to COVID-19. Appx. 746–47. But the court found those assertions unsupported and thus not plausible for purposes of the motion to dismiss, as the court was "fully operational" that day, *Peretz*, 151 Fed. Cl. at 471 n.2, and Mr. Peretz's allegations that he experienced technical difficulties were not adequately supported by evidence, *id.* at 471–72 (citing S.Appx. 20). And even if the court had found Mr. Peretz's objections substantiated, the court lacked the power to extend this deadline for filing such a motion. *See* RCFC Rule 6(b)(2) ("The court must not extend the time to act under RCFC 52(b), 59(b), (d), and (e), and 60(b)."); *see also* Fed. R. Civ. P. 6(b)(2); 11 C. Wright, A. Miller & M. Kane § 2817 (3d. ed. 2021). Thus, neither Mr. Peretz's untimely motion under Rule 59 nor his motion under Rule 60 filed more than 28 days after the entry of judgment

extended the time to appeal the underlying June 2020 judgment.

In addition to the June 2020 judgment, Mr. Peretz also appeals the May 2020 dismissal order and March 2020 stay order. But neither of those orders, standing alone, are final judgments that we have jurisdiction to review. *See Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1069 (Fed. Cir. 2005) ("As a general proposition, when a trial court disposes finally of a case, any interlocutory rulings merge with the final judgment.") (citation and internal quotation marks omitted). Those orders, which merged into the June 2020 judgment, would be reviewable only if the June 2020 judgment were reviewable, but, as we have explained, that judgment is not reviewable, for want of a timely appeal.

We conclude that Mr. Peretz did not timely appeal the June 2020 final judgment, and thus we do not have jurisdiction to review the final judgment, the May 2020 dismissal order, or the March 2020 stay order. Thus, we must dismiss his appeals of these determinations.

B

We next conclude that we have jurisdiction to review Mr. Peretz's appeal of the December 2020 order denying his post-judgment motions. As discussed, a district court may extend the time to file a notice of appeal if a motion is filed no later than 30 days after the time limit for filing an appeal expires and upon a showing of excusable neglect or good cause. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5). The time limit for filing an appeal from the December 4, 2020 denial of Mr. Peretz's motion for reconsideration ended sixty days later, on February 2, 2021, and thus Mr. Peretz's motion to extend the time to file an appeal was timely: The motion was filed on February 17, 2021, within 30 days after February 2. The court granted the motion on March 3, 2021, and allowed Mr. Peretz until March 16, 2021, to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(C) (providing that no extension "may exceed 30 days

after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later").

Mr. Peretz filed a document titled "Amended Notice of Appeal" only on April 5, 2021. Notice of Appeal at 1–2, *Peretz v. United States*, No. 1:18-cv-01699T (Fed. Cl. Apr. 5, 2021), ECF No. 84. That filing was not within the allowed time. But Mr. Peretz urges us to treat his February 17 motion for extension as a notice of appeal, and the government concedes that we may do so. Gov't Br. at 36–39. We conclude that we should do so.

A notice of appeal must meet three requirements: It must "specify the party or parties taking the appeal," "designate the judgment . . . from which the appeal is taken," and "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). "Courts will liberally construe the requirements of Rule 3." *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal."); *see also Becker v. Montgomery*, 532 U.S. 757, 767 (2001).

The notice attached to Mr. Peretz's motion to extend the time for filing a notice of appeal meets all of those requirements. *See* Notice of Appeal at 1, *Peretz,* No. 1:18-cv-01699T (Fed. Cl. Feb. 17, 2021), ECF No. 81-2. That document, titled "Notice of Appeal," explains that "Meir Peretz . . . hereby appeal[s] to the United States Court of Appeals for the Federal Circuit," identifies the action number, and identifies and attaches the orders being appealed. *Id.* We conclude that Mr. Peretz's document titled "Notice of Appeal," submitted with his motion to extend the time for appeal on February 17, provides this court jurisdiction to review the Claims Court's December 2020 order denying reconsideration.

## III

We now review the merits of Mr. Peretz's appeal of the denial of his motion for reconsideration and leave to file an amended complaint. The reconsideration motion included a Rule 59(e) request and Rule 60(b) request. The first warrants no discussion beyond saying that the Claims Court committed no error in denying that motion as clearly untimely. The Rule 60(b) motion warrants more discussion. We review the denial of that motion for an abuse of discretion. *Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018). We also review the denial of leave to file an amended complaint for an abuse of discretion. *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007). In deciding whether an abuse of discretion occurred, we consider whether the "court's decision was based on an erroneous conclusion of law or clearly erroneous factual findings," or whether the court "committed a clear error of judgment." *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1567–73 (Fed. Cir. 1988) (citations omitted).

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on certain grounds, including, for example, "mistake," "newly discovered evidence," and "fraud." RCFC 60(b)(1)–(5). The rule also includes a catch-all category, permitting a court to grant 60(b) relief for "any other reason that justifies relief," RCFC 60(b)(6), though such relief should be granted only in "extraordinary circumstances," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988); *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017). Mr. Peretz did not, in his brief supporting his motion for reconsideration, identify the provision on which his Rule 60 motion was based; nor can we discern an

invocation of a basis for relief in RCFC 60(b)(1)–(5).[2]  We thus assess whether his motion presents extraordinary circumstances that would justify relief under RCFC 60(b)(6).

The court noted that Mr. Peretz, in his motion for reconsideration, was generally attempting to "re-assert" and "reiterate" arguments that he had previously made during briefing on the motion to dismiss, *Peretz,* 151 Fed. Cl. at 472–73, such as the argument that his 2005 Form 1040 had been timely filed in 2009, *see* Appx. 665–66, which the court had in fact accepted as true for purposes of the motion to dismiss.  Mr. Peretz's motion for reconsideration also repeated his allegations of the events that occurred before the IRS that did not affect the ultimate issue of the Claims Court's jurisdiction over his appeal.  *See* Appx. 665–67. These arguments are insufficient to show extraordinary circumstances required to grant relief under Rule 60(b)(6).

Mr. Peretz argued on reconsideration that the Claims Court never considered the merits of his claim, Appx. 665, but the Claims Court was unable to proceed to the merits once it determined that it did not have jurisdiction.  And Mr. Peretz has not shown any error in the determination of no jurisdiction, as it was undisputed that he did not file his action in the Claims Court within the time allowed, *i.e.*, within the two-year window following the mailing of the 2015 notice of disallowance.  The court properly found no error in its earlier determination that a refund claim that is not timely filed under 26 U.S.C. § 6532(a)(1), which has no implied equitable exception, deprives the Claims Court of jurisdiction. *Peretz,* 151 Fed. Cl. at 473–74 (citing *United States v. Brockamp*, 519 U.S. 347 (1997)).  And because 26

---

[2]    To the extent Mr. Peretz's motion presented accusations of misconduct by the IRS and defendants that would implicate Rule 60(b)(3), the court found those claims unsubstantiated. *Peretz,* 151 Fed. Cl. at 472.  We see no error in that ruling.

U.S.C. § 6532(a)(4) provides that a request for reconsideration does not stop the running of the two-year clock, the Claims Court properly held that Mr. Peretz's arguments to the contrary were without merit. *Id.* For those reasons, and having considered Mr. Peretz's arguments in full, we conclude that the Claims Court did not abuse its discretion in denying the Rule 60 motion.

We draw the same conclusion about the denial of Mr. Peretz's motion for leave to amend his complaint. "[O]nce a judgment is entered the filing of an amendment cannot be allowed unless the judgment is set aside or vacated." 6 C. Wright, A Miller & M. Kane § 1489 & n.1 (3d ed. 2021). Moreover, we see no plausible allegation in the proposed amended complaint, Appx. 682–706, that could make a difference to the resolution of the jurisdictional issue. We therefore conclude that the Claims Court's denial of leave to amend the complaint following the final judgment was not an abuse of discretion.[3]

## IV

For the foregoing reasons, we dismiss Mr. Peretz's appeal of the June 2020, May 2020, and March 2020 determinations, and we affirm the Claims Court's December 2020 determination.

The parties shall bear their own costs.

---

[3] We also note that Mr. Peretz has not shown how a difference in outcome is warranted here based on an IRS letter he submitted to this court on rehearing. He suggests that the letter establishes that he timely filed his tax return in April 2009, but that fact was assumed to be true in finding lack of jurisdiction. He also suggests that the letter establishes IRS misconduct, but, as discussed, the Claims Court properly found the assertion unsubstantiated despite having that letter before it.

## AFFIRMED IN PART AND DISMISSED IN PART