# United States Court of Appeals for the Federal Circuit

2007-5136

EDWARD MARANDOLA, JR.,
and
CARMEN MARANDOLA,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Charles J. Reilly, Reilly Law Associates, Inc., of Providence, Rhode Island, for plaintiffs-appellants.

Patrick J. Urda, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Richard T. Morrison, Acting Assistant Attorney General, and Andrea R. Tebbets, Attorney.

Appealed from: United States Court of Federal Claims

Judge Charles F. Lettow

# United States Court of Appeals for the Federal Circuit

2007-5136

EDWARD MARANDOLA, JR.,
and
CARMEN MARANDOLA,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 05-CV-252, Judge Charles F. Lettow.

_____

DECIDED:  March 6, 2008

_____

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Taxpayers Edward Marandola, Jr. and Carmen Marandola filed suit in the United States Court of Federal Claims seeking a refund of federal income taxes for tax years 1996 to 1999.  The Court of Federal Claims decided in favor of the government,[1] and the

---

1    Marandola v. United States, 76 Fed. Cl. 237 (2007).

Marandolas filed a notice of appeal. We conclude that the notice of appeal was untimely filed, and dismiss the appeal.

DISCUSSION

The Court of Federal Claims issued an Opinion and Order on April 4, 2007 and entered judgment on April 6, 2007. The Opinion and Order bore the incorrect date of April 4, 2006. On April 9, 2007 the Court of Federal Claims issued an Order of Correction, correcting the date of the Opinion and Order from April 4, 2006 to April 4, 2007. The notice of appeal was due on June 5, 2007, sixty days after the entry of judgment on April 6, 2007. See 28 U.S.C. §2107(b); Fed. R. App. P. 4(a)(1)(B); R. Fed. Cl. 58.1. The Marandolas mailed a notice of appeal to the Court of Federal Claims on June 8, 2007, as postmarked; it was received on June 12, 2007.

"[T]he timely filing of a notice of appeal is a jurisdictional requirement." Bowles v. Russell, ___ U.S. ___, 127 S.Ct. 2360, 2366 (2007); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'"); Sofarelli Associates, Inc. v. United States, 716 F.2d 1395, 1396-97 (Fed. Cir. 1983). An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling. Bowles, 127 S.Ct. at 2366 ("Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."); see International Rectifier Corp. v. IXYS Corp., 2008 WL 353012, *3 (Fed. Cir. Feb. 11, 2008) ("In Bowels, the Supreme Court emphasized the jurisdictional nature of notices of appeal and held that the jurisdictional rules lack equitable exceptions."). No departure from this precedent is reflected in the Rules of the Court of Federal Claims. See

R. Fed. Cl. 58.1 ("Review of a decision of this court shall be obtained by filing with the clerk an original and the requisite number of copies of a notice of appeal (but not fewer than four) within the time and manner prescribed for appeals to the United States courts of appeals as provided for in Rule 3 of the Federal Rules of Appellate Procedure . . . ."); R. Fed. Cl. 77(d) ("Lack of notice of the entry [of an order or judgment] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.").

A notice of appeal must be received by the deadline, for the Rules require filing with the clerk of court by the due date. See R. Fed. Cl. 5(e) ("The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court."). The Court of Federal Claims "requires filing by electronic means, subject to reasonable exceptions," id., except for the filing of notices of appeal, see R. Fed. Cl. Appendix E, 25 ("A notice of appeal to the United States Court of Appeals for the Federal Circuit must be accomplished in the traditional manner in accordance with the court's rules rather than electronically.") The Rules of the Court of Federal Claims also provide that when computing time, "[t]he last day of the period so computed shall be included, unless it is . . . a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days." R. Fed. Cl. 6(a).

The Marandolas argue that the 60-day time limit does not apply and that the notice of appeal was due on September 6, 2007, 150 days after the April 9, 2007 Order of Correction; the theory is that although the Order of Correction was entered on the docket sheet on April 9, 2007, it was not entered "on the docket pursuant to Rule 58" as a new

judgment. We discern no support for this argument, for the correction of the date of the Opinion and Order was not a new judgment, and cannot benevolently be so viewed. The further argument that "[e]very judgment and amended judgment must be set forth on a separate document" has no application to this case.

The Marandolas alternatively argue that the due date was June 8, 2007, sixty days after entry of the April 9, 2007 Order of Correction, and that the notice of appeal was timely filed because it was mailed and postmarked June 8, 2007. They state that the Electronic Case Filing ("ECF") system at the Court of Federal Claims was down and thus unavailable on June 8, 2007, and that they had no choice but to mail the notice. However, the ECF system cannot be used for filing a notice of appeal. R. Fed. Cl. Appendix E, 25. Thus, whether or not the ECF system was unavailable on June 8, 2007 is irrelevant because the Marandolas were required to file their notice of appeal in paper form.

The appeal was not filed at the Court of Federal Claims until June 12, 2007. On any theory of the effective date of the judgment the filing was untimely, and the appeal must be dismissed.

DISMISSED