DYK, Circuit Judge.

ORDER

Bradley E. Ayers responds to the court’s order directing him to show cause why his appeal should not be dismissed as untimely.
The certified list of docket entries of the United States Court of Appeals for Veterans Claims in Ayers v. Mansfield, No. OS-1447, reflects that the judgment affirming the decision of the Board of Veterans’ Appeals was entered on October 12, 2007. The list further reflects that the Court of Appeals for Veterans Claims received Ayers’ notice of appeal on January 2, 2008.
An appeal from a decision of the Court of Appeals for Veterans Claims must be *883 filed within 60 days of entry of judgment. See 38 U.S.C. § 7292(a); Fed. R.App. P. 4(a)(1). In this case, the notice of appeal was due no later than December 11, 2007. Because Ayers’s notice of appeal was filed with the Court of Appeals for Veterans Claims on January 2, 2008, 82 days after entry of judgment, it is untimely.
Counsel for Ayers, who also represented him at the Court of Appeals for Veterans Claims, states that the notice of appeal was filed late because Ayers attempted to seek legal advice from the National Veterans Legal Service Program (NVLSP). Counsel states the NVLSP did not provide Ayers with an opinion by the time his notice of appeal was due. Counsel for Ayers states that she then attempted to file an appeal directly with the United States Court of Appeals for the Seventh Circuit on December 18, 2008, after the due date for filing a notice of appeal had passed. Counsel for Ayers requested an extension of time to file that notice of appeal. Counsel states that that court informed her that any notice of appeal should seek review by this court, and then she filed a notice of appeal with the Court of Appeals for Veterans Claims.
The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, — U.S.-, 127 S.Ct. 2360, 2364-66, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal is a jurisdictional requirement). Thus, Ayers’ failure to file timely a notice of appeal may not be waived and the period to appeal may not be tolled by this court. See Bowles, 127 S.Ct. at 2366 (the court has “no authority to create equitable exceptions to jurisdictional requirements”); Marandola v. United States, 518 F.3d 913 (Fed.Cir.2008) (“An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling.”); Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. RApp. P. 4(a) are not subject to equitable tolling). Therefore, the appeal must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) This appeal is dismissed as untimely.
(2) Each side shall bear its own costs.