ORDER

PER CURIAM.
Michael D. Bibey responds to the court’s order directing him to show cause why his appeal should not be dismissed as untimely-
The certified list of docket entries of the United States Court of Appeals for Veterans Claims in Bibey v. Mansfield, No. 05-3351, reflects that the judgment affirming the decision of the Board of Veterans’ Appeals in this case was entered on November 30, 2007. The list further reflects that the Court of Appeals for Veterans Claims received Bibey’s notice of appeal on January 30, 2008.
An appeal from a decision of the Court of Appeals for Veterans Claims must be filed within 60 days of entry of judgment. See 38 U.S.C. § 7292(a), Fed. R.App. P. 4(a)(1). In this case, the notice of appeal was due no later than January 29, 2008. Because Bibey’s notice of appeal was filed with the Court of Appeals for Veterans Claims on January 30, 2008, 61 days after entry of judgment, it is untimely.
Bibey appears to assert that he received the judgment late due to neglect of counsel or due to fires in California. However, the time limit for filing a notice of appeal is calculated from the date of entry of judgment, not from the date of his receipt of the judgment. 38 U.S.C. § 7292(a); Fed. R.App. P. 4(a)(1). Further, the requirement to timely file a notice of appeal is jurisdictional. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2364-66, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal is a jurisdictional requirement). Bibey’s failure to file timely a notice of appeal may not be waived and the period to appeal may not be tolled by this court. See Bowles, 127 S.Ct. at 2366 (the court has “no authority to create equitable exceptions to jurisdictional requirements”); Marandola v. United States, 518 F.3d 913 (Fed.Cir.2008) (“An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling.”); Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling).
Bibey also asserts that three holidays during the appeal period should be excluded when calculating the 60-day period. Pursuant to Fed. R.App. P. 26(a)(3), a holiday is only excluded from calculation of a time period if the holiday falls on the last day of the time period. In this case, January 29 was not a holiday, and thus no holidays are excluded from the appeal period. Because Bibey’s appeal was untimely filed, it must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) This appeal is dismissed as untimely.
(2) Each side shall bear its own costs.