ORDER

PER CURIAM.
Donald J. Strable responds to the court’s order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction and as untimely.
In the United States District Court for the District of South Carolina, Strable filed a complaint under the Federal Tort Claims Act against the State of South Carolina. On August 27, 2007, the district court dismissed Strable’s complaint and denied his motion for leave to proceed in forma pauperis. Prior to the district court’s entry of judgment, Strable appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit dismissed his appeal on July 12, 2007. On March 18, 2008, Strable filed another notice of appeal seeking review by this court. Because it appeared that this court lacked jurisdiction and the appeal was untimely, the court directed Strable to respond why his appeal should not be dismissed.
Strable asserts that this court has “exclusive” jurisdiction over appeals from a United States District Court, and the district court erred in not providing him with his right to a trial. Strable does not assert that his appeal is timely.
This court’s jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. See 28 U.S.C. § 1295(a)(1), (2). Strable’s appeal is not within this court’s jurisdiction. Furthermore, Strable’s appeal was filed 204 days after the entry of judgment and thus is untimely. See Fed. R.App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of entry of the judgment or order appealed from). The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2364-66, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal is a jurisdictional requirement). Thus, Strable’s failure to file timely a notice of appeal may not be waived and the period to appeal may not be tolled by this court. See Bowles, 127 S.Ct. at 2366 (the court has *309 “no authority to create equitable exceptions to jurisdictional requirements”); Marandola v. United States, 518 F.3d 913 (Fed.Cir.2008) (“An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling”); Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir.2005) (time provisions of Fed. RApp. P. 4(a) are not subject to equitable tolling). Therefore, the appeal must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) This appeal is dismissed.
(2) Each side shall bear its own costs.