ON MOTION
PER CURIAM.

ORDER

Samuel Tomasito G. Tejano, son of the claimant, responds to the court’s order directing Nenita G. Tejano to show cause why this appeal should not be dismissed as untimely. The Secretary of Veterans Affairs also responds to this court’s order.
The certified list of docket entries of the United States Court of Appeals for Veterans Claims in Tejano v. Peake, No. 07-2354, reflects that the judgment affirming the decision of the Board of Veterans’ Appeals was entered on May 12, 2008. The list further reflects that the Court of Appeals for Veterans Claims received Te-jano’s notice of appeal on July 17, 2008.
An appeal from a decision of the Court of Appeals for Veterans Claims must be filed within 60 days of entry of judgment. See 38 U.S.C. § 7292(a); Fed. R.App. P. 4(a)(1). In this case, the notice of appeal was due no later than July 11, 2008. Because Tejano’s notice of appeal was filed with the Court of Appeals for Veterans Claims on July 17, 2008, 66 days after entry of judgment, it is untimely.
Samuel Tejano, who resides in the Philippines, asserts that the notice of appeal was timely under United States Court of Appeals for Veterans Claims Rule 35(d)(2), which provides 30 additional days for parties residing outside the United States to file a motion for reconsideration and/or full court decision before that court. Because rule 35(d)(2) only applies to motions filed with the Court of Appeals for Veterans Claims, it is not applicable to Tejano’s notice of appeal to this court.
The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2364-66, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal is a jurisdictional requirement). Thus, Tejano’s failure to file timely a notice of appeal may not be waived and the period to appeal may not be tolled by this court. See Bowles, 127 S.Ct. at 2366 (the court has “no authority to create equitable exceptions to jurisdictional requirements”); Marandola v. United States, 518 F.3d 913, 914 (Fed.Cir.2008) (“An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling.”); Oja v. Army, 405 F.3d 1349, 1358 (Fed.Cir. 2005) (time provisions of Fed. R.App. P. 4(a) are not subject to equitable tolling). Therefore, the appeal must be dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) This appeal is dismissed as untimely.
(2) Each side shall bear its own costs.