NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7005

DARRELL R. OKEMOW-KING,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2280, Judge William A. Moorman

ON MOTION

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Darrell R. Okemow-King's appeal as untimely.

Okemow-King sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision that denied him service-connection for post traumatic stress disorder. On May 20, 2008, the Court of Appeals for Veterans Claims entered judgment, affirming the Board's decision. On August 6, 2008, 78 days after entry of judgment, Okemow-King filed a notice of appeal seeking review by this court.

An appeal from a decision of the Court of Appeals for Veterans Claims must be filed within 60 days of entry of judgment. See 38 U.S.C. § 7292(a); Fed. R. App. P. 4(a)(1). Because Okemow-King's notice of appeal was received by with the Court of

Appeals for Veterans Claims on August 6, 2008, 78 days after entry of judgment, it is untimely.

The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, 127 S.Ct. 2360, 2364-66 (2007) (timely filing of notice of appeal is a jurisdictional requirement). Thus, Okemo-King's failure to timely file a notice of appeal may not be waived and the period to appeal may not be tolled by this court. See Bowles, 127 S.Ct. at 2366 (the court has "no authority to create equitable exceptions to jurisdictional requirements"); Marandola v. United States, 518 F.3d 913, 914 (Fed. Cir. 2008) ("An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling."); Oja v. Army, 405 F.3d 1349, 1358 (Fed. Cir. 2005) (time provisions of Fed. R. App. P. 4(a) are not subject to equitable tolling). Therefore, the appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed as untimely.

(2) Each side shall bear its own costs.

FOR THE COURT

FEB 6 2009

_____
Date

cc: Darrell R. Okemow-King
Anuj Vohra, Esq.
s20

ISSUED AS A MANDATE: _____  FEB 6 2009

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 06 2009

JAN HORBALY
CLERK

2009-7005                                    - 2 -