NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1178

HENDRICK W. HAYNES,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Hendrick W. Haynes, of Renton, Washington, pro se.

Kirby W. Lee, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Michael F. Hertz, Acting Assistant Attorney General, and John J. Fargo, Director.

Appealed from: United States District Court for the Western District of Washington

Judge Marsha J. Pechman

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1178

HENDRICK W. HAYNES,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States District Court for the Western District of Washington in 06-CV-1558, Judge Marsha J. Pechman.

_____

DECIDED:  June 8, 2009

_____

Before NEWMAN, MAYER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Hendrick W. Haynes appeals from the decision of the United States District Court for the Western District of Washington dismissing his various claims against the United States.  <u>Haynes v. United States</u>, No. C06-1558P, 2007 WL 526542 (W.D. Wash Feb. 13, 2007) ("<u>Dismissal Decision</u>").  Because Mr. Haynes filed his notice of appeal to this court more than sixty days after the district court entered judgment, we <u>dismiss</u> for lack of jurisdiction.

DISCUSSION

I.

Mr. Haynes is the named inventor and owner of U.S. Patent No. 4,979,917 ("the '917 patent"), which is titled "marine propulsion device with gaseous boundry layer for a thrust jet flow stream exhibiting stealth and ice lubrication properties." During the prosecution of the application that became the '917 patent, the U.S. Patent and Trademark Office ("PTO") issued a secrecy order upon the application pursuant to 35 U.S.C. § 181 at the request of the U.S. Navy. In 1990, the PTO lifted the secrecy order and eventually granted the '917 patent. Subsequently in 1996, Mr. Haynes filed suit against the United States pursuant to 35 U.S.C. § 183, seeking compensation for damages that allegedly resulted from the secrecy order. The United States District Court for the Western District of Washington conducted a trial and ultimately ruled in the government's favor. Haynes v. United States, No. 96-50 (W.D. Wash. Oct. 3, 1997). Thereafter, Mr. Haynes appealed to this court, which affirmed the district court's judgment. Haynes v. United States, 178 F.3d 1307 (Table) (Fed. Cir. 1998).

On October 30, 2006, Mr. Haynes again sued the United States, requesting a new trial under Federal Rule of Civil Procedure 59 for his previously decided § 183 claims because of alleged "new evidence." In addition, Mr. Haynes's complaint appeared to contain new claims based on the Sherman Act, 42 U.S.C. § 1983, and 35 U.S.C. § 271. On February 17, 2007, the district court dismissed Mr. Haynes's complaint in its entirety, holding that his request for a new trial was made well after the time required by Federal Rules of Civil Procedure 59 and 60. Dismissal Decision, 2007 WL 526542, at *1. In addition, the court found that his attempts to relitigate his § 183

2009-1178                                  2

compensation claims were barred by res judicata. Id. The district court found all of Mr. Haynes's remaining causes of action without merit and, thus, declined to transfer his patent infringement claims against the government to the Court of Federal Claims. Id. at *2.

Subsequently, Mr. Haynes filed a notice of appeal. However, he took his appeal to the United States Court of Appeals for the Ninth Circuit. Because, pursuant to 28 U.S.C. § 1295(a)(1), all patent-related cases must be appealed to this court, the Ninth Circuit lacked jurisdiction. On January 14, 2009, the Ninth Circuit dismissed Mr. Haynes's appeal without transferring it to this court. On January 28, 2009, Mr. Haynes filed a Notice of Appeal to this court.

II.

On appeal, Mr. Haynes makes numerous arguments, none of which address whether his appeal to this court is timely. Rather, he primarily focuses on his claim pursuant to § 183, contending that "new evidence" and decisions from this court subsequent to his previous action in 1996 warrant relitigating his § 183 cause of action.

Because Mr. Haynes did not timely appeal to this court, we must dismiss his appeal for lack of jurisdiction. When the United States is a party, the Federal Rules of Appellate Procedure require filing the notice of appeal "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4. Timely filing a notice of appeal is a jurisdictional requirement, which cannot be waived and is not subject to equitable tolling. See Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360, 2366 (2007); Marandola v. United States, 518 F.3d 913, 914 (Fed. Cir. 2008); Oja v. Dep't of Army, 405 F.3d 1349, 1358 (Fed. Cir. 2005). It is undisputed that Mr. Haynes did not file his

notice of appeal to the proper appellate court—this court—within sixty days after the district court's judgment, but did so nearly two years after judgment. While he did file a notice of appeal to the Ninth Circuit within sixty days, we nonetheless must dismiss his appeal because we cannot waive or equitably toll timely filing in this court based on Mr. Haynes's timely filing in the Ninth Circuit. See Marandola, 518 F.3d at 914 ("An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling."). Thus, we dismiss Mr. Haynes's appeal for lack of jurisdiction.

### III.

In any event, even if we could reach the merits of Mr. Haynes's claims, we would affirm the district court's decision. Specifically, Mr. Haynes filed his complaint requesting a new trial on his § 183 claims in 2006—over nine years after the initial judgment on those claims. The district court properly held that, pursuant to either Federal Rule of Civil Procedure 59 or 60, a motion for a new trial must be filed within ten days of judgment or within one year if based on "newly discovered evidence." See Fed. R. Civ. P. 59 & 60. Moreover, the district court correctly recognized that Mr. Haynes's § 183 claims—which were identical to causes of action which were resolved in a final judgment on the merits in 1997—were barred by res judicata. As far as Mr. Haynes's other allegations under the Sherman Act, 42 U.S.C. § 1983, and 35 U.S.C. § 271 are concerned, we think that the district court was correct to dismiss those claims as well.

For the reasons set forth above, Mr. Haynes's appeal is dismissed.