NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BING DU, HELEN GE,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1030

---

Appeal from the United States Court of Federal Claims in Nos. 1:19-cv-01020-EGB and 1:19-cv-01021-EGB, Senior Judge Eric G. Bruggink.

---

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

## O R D E R

In response to the court's February 3, 2022 order, the United States urges dismissal of this appeal for lack of jurisdiction as untimely. Appellants' response opposes dismissal.

On November 23, 2020, the United States Court of Federal Claims entered judgment, dismissing appellants' consolidated complaints for lack of subject matter jurisdiction. On December 22, 2020, appellants filed a motion seeking

reconsideration. On February 3, 2021, the Court of Federal Claims issued an order denying the motion.*

Appellants state that they did not receive the February 2021 order until August 23, 2021, when they contacted appellee's counsel, who then forwarded to appellants a copy of the order. On September 8, 2021, appellants submitted a "Motion for Relief from Final Orders of Dismissal of Plaintiffs' Refund Claim" at the Court of Federal Claims. That submission was returned to appellants unfiled. On October 1, 2021, the Court of Federal Claims docketed from appellants another submission entitled "Petition for Interlocutory Review to the United States Court of Appeals for the Federal Circuit," which the Court of Federal Claims transmitted to this court as a notice of appeal.

To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days after the entry of the final judgment being appealed from. *See* 28 U.S.C. § 2522; Fed. R. App. P. 4(a)(1)(B). We have held that the filing deadline for civil appeals from the Court of Federal Claims to this court is a jurisdictional rule imposed by Congress with the intent of denying this court jurisdiction once a filing window has closed. *See Marandola v. United States*, 518 F.3d 913, 914–15 (Fed. Cir. 2008); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007). Thus, this court may only consider whether appellants' notice of appeal was timely and cannot toll based on their personal circumstances. Here, appellants' notice of appeal was filed too late to appeal from either the November 23, 2020 judgment or the February 3, 2021 order denying reconsideration.

---

\* The decision states that it was filed on February 3, 2021, but the Court of Federal Claims' docket shows that it was entered on February 2, 2021.

Appellants argue that the rejected September 2021 submission should be treated as a motion to reopen the time to appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure.  However, such motions must be filed no later than 180 days after entry of the order sought to be appealed.  *See* Fed. R. App. P. 4(a)(6) (allowing trial court to reopen the time to appeal when party did not timely receive the order being appealed but only if request was filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier").  Here, appellants' submission was filed outside of that deadline.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed as untimely.

(2)  Each side shall bear its own costs.

FOR THE COURT

April 1, 2022                                              /s/ Peter R. Marksteiner
     Date                                                      Peter R. Marksteiner
                                                                   Clerk of Court