NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MEGAN DE'AN WHITTINGTON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1571

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01801-MBH, Senior Judge Marian Blank Horn.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Megan De'an Whittington moves for leave to proceed *in forma pauperis.*  In response to the court's May 25, 2022, order to show cause, Ms. Whittington opposes dismissal. The United States responds in favor of dismissal.

Ms. Whittington filed the underlying complaint at the United States Court of Federal Claims.  The Court of

Federal Claims dismissed without prejudice and entered judgment on January 4, 2022. Ms. Whittington states that she attempted to file an appeal with the Court of Federal Claims via email on February 23, 2022, but learned on March 10, 2022, that no appeal had yet been received by that court. Ms. Whittington states that she then mailed her notice of appeal to the Court of Federal Claims, which was received March 15, 2022, seventy days after the judgment.

To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days of the entry of judgment. *See* 28 U.S.C. § 2522; 28 U.S.C. § 2107(b). We have held that the filing deadline for civil appeals from the Court of Federal Claims to this court is a jurisdictional rule imposed by Congress with the intent of denying this court jurisdiction once a filing window has closed. *See Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008); *Bowles v. Russell*, 551 U.S. 205, 209 (2007). Thus, while we are sympathetic to Ms. Whittington's situation, this court may only consider whether her notice of appeal was timely and cannot toll based on her individual circumstances. Because her appeal was filed outside the 60-day window, this court lacks jurisdiction and must dismiss.

Ms. Whittington also appears to be trying to invoke Federal Rule of Appellate Procedure 4(a)(5)(A), which authorizes trial courts to extend the time to appeal for excusable neglect. To the extent that Ms. Whittington is asking this court to construe her notice of appeal or her response to the show cause order as such a request and transmit it to the Court of Federal Claims for consideration, we see no basis to do so in the circumstances of this case. That rule authorizes trial courts to extend the time to appeal only when there is a motion filed no later than 30 days after expiration of the time to appeal. Fed. R. App. P. 4(a)(5)(A)(i). Because the notice of appeal cannot reasonably be construed as seeking such relief and the response to the show cause order was filed well outside that

30-day deadline, we must decline to transmit those filings for consideration.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

July 5, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court