NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TODD SCHAEFFER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-2144

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01498-RTH, Judge Ryan T. Holte.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

The United States moves to dismiss this appeal as untimely filed. Todd Schaeffer opposes and, among other things, seeks leave to proceed *in forma pauperis*.

The United States Court of Federal Claims dismissed Mr. Schaeffer's complaint, entered judgment in August 2021, and denied reconsideration on December 29, 2021. On January 7, 2022, the court issued an anti-filing order,

directing its Clerk's Office "to reject any future filings other than a properly served notice of appeal." *Schaeffer v. United States*, No. 1:20-cv-01498-RTH (Fed. Cl. Jan. 7, 2022), ECF No. 31.  The Court of Federal Claims' docket reflects that the anti-filing order has been invoked twice: first, on January 10, 2022, and second, on August 11, 2022, the latter instance returning as unfiled Mr. Schaeffer's documents entitled "Relief" and "Document ZZZZ" received on that same day.  ECF No. 1-2 at 6.  On August 17, 2022, Mr. Schaeffer filed a notice of appeal from the "order filed January 7, 2022, directing the office to reject plaintiff's filings without proper notice of appeal," purportedly entered on "August 16, 2022."  ECF No. 1-2 at 1.

We lack jurisdiction over an appeal from the trial court's judgment or the January 7, 2022, anti-filing order because an appeal of those decisions is untimely.  A notice of appeal from the Court of Federal Claims must be filed within 60 days of the entry of judgment or order from which the appeal is taken.  *See* 28 U.S.C. § 2522; 28 U.S.C. § 2107(b).  We have held that deadline to be a jurisdictional rule imposed by Congress with the intent of denying this court jurisdiction once the filing window has closed.  *See Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008); *see also Bowles v. Russell*, 551 U.S. 205, 209 (2007).  The notice of appeal here was filed more than 60 days from the date of issuance of those rulings and is therefore untimely.[*]

---

[*]    The court notes Mr. Schaeffer's January 10, 2022, submission (rejected from filing the same day) cannot reasonably be construed as a notice of appeal from the January 7, 2022, order because he expressly requested relief from the Court of Federal Claims, *see, e.g.*, ECF No. 10-4 at 152, and does not reasonably indicate an intent to appeal to this court, as would be required of a notice of appeal by Rule 3(c)(1)(C) of the Federal Rules of Appellate Procedure.

To the extent Mr. Schaeffer seeks review of the trial court's August 11, 2022, action refusing to accept his submissions per the anti-filing order, we dismiss his appeal as frivolous. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989); *cf.* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that . . . the . . . appeal is frivolous[.]"). Mr. Schaeffer's various filings raise no cognizable argument as to why his submission should have been docketed after judgment had already been entered in his case and in light of the anti-filing order.

Lastly, we address Mr. Schaeffer's assertions of confidentiality in his submissions to this court. Mr. Schaeffer contends that the entirety of ECF Nos. 9-1, 9-2, 9-3, 10-1, 10-2, 10-3, and 10-4 should be treated as confidential, because the "[m]aterials were filed sealed with the agency and in the trial court" and that confidentiality is necessary to "protect the reputations of parties." ECF No. 13 at 2. On September 10, 2021, the Court of Federal Claims expressly ordered all of Mr. Schaeffer's filings be unsealed, ECF No. 10-3 at 28, and we see no justification for sealing his materials here. *See In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (recognizing a strong presumption in favor of public access to appellate court proceedings).

Accordingly,

IT IS ORDERED THAT:

(1)  The government's motion is granted to the extent that this appeal is dismissed.

(2)  All other motions are denied.

(3)  ECF Nos. 3, 7, 9, 10, and 13 are unsealed.

(4)  Each side shall bear its own costs.

FOR THE COURT

November 17, 2022                     /s/ Peter R. Marksteiner
        Date                          Peter R. Marksteiner
                                      Clerk of Court

ISSUED AS A MANDATE: November 17, 2022