NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC MALONE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-2274

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00049-ZNS, Judge Zachary N. Somers.

---

**ON MOTION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

In response to the court's December 8, 2022, order to show cause, the United States urges dismissal of this appeal as untimely. Eric Malone opposes dismissal and moves for leave to proceed *in forma pauperis.*

On February 14, 2022, the United States Court of Federal Claims dismissed Mr. Malone's case. On September

26, 2022, the Court of Federal Claims received Mr. Malone's notice of appeal from that dismissal. To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days of the entry of judgment. *See* 28 U.S.C. § 2522; 28 U.S.C. § 2107(b). The statutory deadline for taking an appeal from the Court of Federal Claims is mandatory and jurisdictional. *See Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008). Because Mr. Malone's appeal was received more than 60 days after the judgment, we must dismiss for lack of jurisdiction.[*]

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied as moot.

FOR THE COURT

February 28, 2023                    /s/ Peter R. Marksteiner
        Date                          Peter R. Marksteiner
                                      Clerk of Court

---

[*]    Even if judgment had to be entered by separate document under Rule 58 of the Rules of the Court of Federal Claims ("RCFC"), and even if no such separate document was entered, Mr. Malone did not file his notice of appeal within 210 days from entry of the order dismissing the complaint (150 days from RCFC 58(c)(2)(B) and 60 days from 28 U.S.C. §§ 2522, 2107(b)).