NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYLVESTER SEAL MURRAY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1314

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00205-MBH, Senior Judge Marian Blank Horn.

---

**ON MOTION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

The United States moves to dismiss this appeal for lack of jurisdiction.  The government states that Sylvester Seal Murray indicated he opposes the motion, but the court has not received a response from him.

On October 5, 2022, the Court of Federal Claims dismissed Mr. Murray's complaint for lack of jurisdiction and entered judgment. On October 18, 2022, the Court of Federal Claims issued an order rejecting a document submitted by Mr. Murray entitled "Plaintiff Initial Disclosures Pursuant to Rules 26 (1) (A) of the Federal Rules of Civil Procedures Motion." (Capitalization omitted). On December 12, 2022, the Court of Federal Claims received Mr. Murray's notice of appeal indicating his intent to appeal "the [ ] dismissal" and the "final judgment or order entered in this action on October 5, 2022."

Section 2522 of title 28 of the U.S. Code provides that review by this court of a decision of the Court of Federal Claims "shall be obtained by filing a notice of appeal with the clerk of the Court of Federal Claims within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts." An appeal from a final judgment in a district court proceeding involving the United States must be filed within 60 days from entry of the judgment. 28 U.S.C. § 2107(b)(1); *see* Fed. R. App. P. 4(a)(1)(B). We have held that statutory deadline is jurisdictional for appeals from the Court of Federal Claims and thus cannot be waived or equitably tolled. *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008) (citations omitted); *see also Bowles v. Russell*, 551 U.S. 205, 209 (2007).

Here, no submission by Mr. Murray satisfies the requirements to obtain review by this court over the Court of Federal Claims' judgment. Mr. Murray's notice of appeal was received by the Court of Federal Claims outside of the 60-day deadline. *Marandola*, 518 F.3d at 915 ("A notice of appeal must be received by the deadline, for the Rules require filing with the clerk of court by the due date." (Citation omitted)). And there is no basis to say that Mr. Murray's rejected October 17, 2022, submission "indicate[d] the litigant's intent to seek appellate review,"

*Smith v. Barry*, 502 U.S. 244, 248 (1992) (citations omitted).  We must therefore dismiss his appeal.

Accordingly,

IT IS ORDERED THAT:

(1)  The government's motion to dismiss is granted.

(2)  Each side shall bear its own costs.

FOR THE COURT

March 8, 2023                          /s/ Peter R. Marksteiner
     Date                             Peter R. Marksteiner
                                               Clerk of Court