NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER STEWART,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1304

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00934-DAT, Judge David A. Tapp.

---

Before DYK, WALLACH, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

## O R D E R

In response to this court's January 22, 2024 show cause order, the United States urges dismissal of this appeal as untimely. Christopher Stewart has not responded.

Mr. Stewart filed a complaint at the United States Court of Federal Claims, alleging violations by the "United States District Court." Compl. at 2. Among other cases, Mr. Stewart identified *Stewart v. Quality Carriers, Inc.*, No. 3:19-cv-0606 (M.D. La.) ("the -0606 action"), a case involving a private defendant involved in a motor vehicle

accident. The Court of Federal Claims dismissed Mr. Stewart's complaint and entered judgment on July 14, 2023. On December 26, 2023, Mr. Stewart filed a notice of appeal from "the Order Granting With[]draw" entered on "11/14/2023," identifying both his case before the Court of Federal Claims and the -0606 action. ECF No. 1-2 at 1.

A party seeking appellate review must comply with the "linked jurisdictional provisions" of Rules 3 and 4 of the Federal Rules of Appellate Procedure. *Becker v. Montgomery*, 532 U.S. 757, 765 (2001). Rule 3 requires a notice of appeal to designate "the judgment" or "appealable order" from "which the appeal is taken." Fed R. App. P. 3(c)(1)(B). Rule 4 and 28 U.S.C. §§ 2107, 2522 further require that an appeal from the United States Court of Federal Claims must be filed within 60 days of the final judgment or order being appealed if one of the parties is the United States. These requirements are "jurisdictional in nature," and their "satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citation omitted); *see also Marandola v. United States*, 518 F.3d 913, 914–15 (Fed. Cir. 2008) (citation omitted).

Mr. Stewart failed to satisfy these requirements. His notice of appeal was filed more than 60 days from the entry of judgment in this case. And while it was filed within 60 days of November 14, 2023, no order from that date or anything close appears on the Court of Federal Claims's docket.* We must therefore dismiss the appeal.

---

\* We note that to the extent Mr. Stewart was attempting to appeal from the -0606 action, the notice also is untimely because it was filed more than one year after the latest docket entry in the -0606 action. *See* 28 U.S.C.

STEWART v. US                                                         3

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April  10, 2024
    Date

---

§ 2107(a) (providing for 30 days to appeal when the suit does not include the United States as a party).