NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BASAVARAJ HOOLI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1933

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00878-RTH, Judge Ryan T. Holte.

---

**ON MOTION**

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

#### O R D E R

On April 2, 2024, the United States Court of Federal Claims entered judgment dismissing Basavaraj Hooli's complaint for lack of jurisdiction.  The Court of Federal Claims received Mr. Hooli's notice of appeal on June 7, 2024.  The United States now moves the court to dismiss this appeal as untimely or alternatively to summarily

affirm the Court of Federal Claims's judgment.  Mr. Hooli has not responded.

To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days of the entry of judgment.  *See* 28 U.S.C. § 2522 ("Review of a decision of the United States Court of Federal Claims shall be obtained by filing a notice of appeal . . . within the time . . . prescribed for appeals to United States courts of appeals from the United States district courts."); 28 U.S.C. § 2107(b) (providing a 60-day deadline for appeals from district courts in cases involving the United States); Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(C).  The statutory deadline for taking an appeal from the Court of Federal Claims has been held to be mandatory and jurisdictional, such that this court would not be permitted to excuse a late notice. *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008); s*ee also Bowles v. Russell*, 551 U.S. 205, 209 (2007); *cf*. Fed. R. App. P. 26(b)(1).  Here, the notice of appeal was due no later than June 3, 2024.  Fed. R. App. P. 26(a)(1)(C). Because the notice of appeal was not received within that time, we lack jurisdiction and must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted to the extent that the appeal is dismissed.

(2)  Each party shall bear its own costs.

FOR THE COURT

August 20, 2024
Date

Jarrett B. Perlow
Clerk of Court