NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY ANDREWS, WESLEY ANDREWS, COLTON ANDREWS, ELLERY ANDREWS, LYNN ANDREWS,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1926

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01088-EHM, Judge Edward H. Meyers.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

The United States moves to dismiss this appeal for lack of jurisdiction.  Appellants have not responded.

On February 28, 2025, the United States Court of Federal Claims entered judgment dismissing appellants' complaint.  Appellants filed a motion for reconsideration on

March 27, 2025, which the court denied on April 8, 2025. Appellants then submitted a "motion for clarification," asking the court to opine on whether a taking occurred. On April 29, 2025, the Court of Federal Claims denied that request, stating that it was "not a request for clarification of anything in this court's prior orders" and the question was "wholly irrelevant" to the jurisdictional issue of the case. ECF No. 3-5 at 1. On June 20, 2025, appellants filed a notice of appeal directed to the United States Court of Appeals for the Second Circuit, which was rejected on June 26, 2025 for failure to designate this court as the court of appeals, followed by a second notice of appeal directed to this court filed on July 9, 2025.[1]

The timely filing of a notice of appeal from a final decision by the Court of Federal Claims is a jurisdictional requirement that cannot be waived and is not subject to equitable tolling. *See* 28 U.S.C. § 2522; *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008); *cf.*

---

[1] While the initial notice of appeal directed to the Second Circuit was filed within 60 days from the trial court's order denying their motion for clarification and perhaps should not have been rejected for failing to designate this court, *see, e.g., United States v. Musa*, 946 F.2d 1297, 1301 (7th Cir. 1991), we see no basis for taking further action or allowing an appeal based on that submission. Even if the trial court's April 29, 2025 order could be deemed a "final decision" subject to appeal, 28 U.S.C. § 1295(a)(3), we can conceive of no non-frivolous basis to appeal such ruling under the circumstances presented. *See generally Amara v. Cigna Corp.*, 53 F.4th 241, 253 (2d Cir. 2022) (noting an "appeal from a later order does not give us jurisdiction to hear an untimely appeal from an earlier order, which was itself an appealable final order" (cleaned up)).

ANDREWS v. US                                                  3

*Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011). To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days of the entry of a final decision, *see* 28 U.S.C. § 2107. Certain post-judgment motions, including timely motions for reconsideration, toll the time to file an appeal until the court disposes of such motions. *See* Fed. R. App. P. 4(a)(4)(A); Fed. Cir. R. 1(a)(1)(C). But appellants' "motion for clarification" is not one. *See Durango Assocs., Inc. v. Reflange, Inc.*, 912 F.2d 1423, 1425 (Fed. Cir. 1990) (noting that a "second post-judgment motion . . . will not further stay the period for appeal"). Because appellants did not file their notice of appeal within 60 days from the order denying the timely motion for reconsideration, we must dismiss as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion is granted to the extent that this appeal is dismissed.

(2) Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 29, 2025
Date