NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER J. POLINSKI TRUST,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-2002

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00568-AOB, Judge Armando O. Bonilla.

---

**ON MOTION**

---

Before DYK, LINN, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

**O R D E R**

The United States moves to dismiss this appeal for lack of jurisdiction.  Peter J. Polinski, on behalf of Peter J. Polinski Trust, opposes the motion.[1]

On April 10, 2025, the United States Court of Federal Claims entered judgment dismissing Mr. Polinski's three consolidated complaints.  On June 9, 2025, Mr. Polinski filed a motion for extension of time to file his motion for reconsideration, which was attached. Dkt. No. 9.  On June 17, 2025, the Court of Federal Claims denied the motion for an extension of time. Dkt. No. 10 at 1.  On August 6, 2025, Mr. Polinski filed a notice of appeal.

The timely filing of a notice of appeal from a final decision by the Court of Federal Claims is a jurisdictional requirement that cannot be waived and is not subject to equitable tolling. *See Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008); *cf. Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011).  To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days of the entry of a final decision.  *See* 28 U.S.C. §§ 2107(b), 2522.  Here, Mr. Polinski's notice of appeal was filed too late to seek review of the April 10, 2025 judgment.

While certain post-judgment motions, including *timely* motions for reconsideration, toll the time to file an appeal until the court disposes of such motions, *see* Fed. R. App. P. 4(a)(4)(A); Fed. Cir. R. 1(a)(1)(C), Mr. Polinski's motion for an extension of time and motion for reconsideration are not such motions.  Under the Rules of that court, a motion for reconsideration "must be filed no later than 28 days

---

[1]    Given our disposition of the appeal, we need not resolve whether Mr. Polinski, proceeding pro se, may represent Peter J. Polinski Trust. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347–48 (8th Cir. 1994).  In this order, we treat the two as one and the same solely for convenience.

after the entry of judgment." Rule of the Court of Federal Claims (RCFC) 59(b)(1). And the Court of Federal Claims lacks the power to extend that deadline. *See* RCFC 6(b)(2) ("The court must not extend the time to act under RCFC 52(b), 59(b), (d), and (e), and 60(b)."); *see also* Fed. R. Civ. P. 6(b)(2); 11 Wright & Miller's Federal Practice & Procedure § 2817 (3d ed. 2021). Mr. Polinski's post-judgment motions, which were filed 60 days after the entry of judgment, were untimely. *See* 2016 Advisory Committee Notes to Fed. R. App. P. 4 ("A motion made after the time allowed by the Civil Rules will not qualify as a motion that, under Rule 4(a)(4)(A), re-starts the appeal time[.]").[2]

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted. The appeal is dismissed.

(2)  All other pending motions are denied as moot.

(3)  Each party shall bear its own costs.

FOR THE COURT

October 27, 2025
Date

Jarrett B. Perlow
Clerk of Court

---

[2]    To whatever extent Mr. Polinski solely appeals the Court of Federal Claims's denial of his motion for an extension of time, his appeal lacks any basis in law or fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i).