NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAMEY ALAINE CHISUM,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1548

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01666-EGB, Senior Judge Eric G. Bruggink.

---

Decided:  November 14, 2025

---

RAMEY A. CHISUM, I, Kansas City, MO, pro se.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before CHEN, BRYSON, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Ramey Alaine Chisum appeals a November 21, 2024 final decision by the U.S. Court of Federal Claims (Claims Court) dismissing her complaint for lack of subject-matter jurisdiction. SAppx 3.[1] Because Ms. Chisum's appeal to this court was untimely, we lack jurisdiction and therefore must *dismiss*.

BACKGROUND

On October 11, 2024, Ms. Chisum filed a complaint in the Claims Court alleging she and her children were being denied medical care by a medical institution called "University Health." SAppx 5. The complaint also alleged that the Department of Justice had failed to investigate her allegations. *Id.* at 6. Ms. Chisum's complaint asked for injunctive relief to "cease all abusive actions" and to provide an "opportunity to relocate to a more inclusive community." *Id.* at 7. Ms. Chisum attached several exhibits to the complaint including Department of Justice organizational charts, statistics, and email correspondence between her and the Civil Rights Division. SAppx 13–52.

On November 20, 2024, the Claims Court issued a *sua sponte* order directing the clerk of the court to dismiss Ms. Chisum's complaint for lack of subject-matter jurisdiction. SAppx 1–2. The Claims Court found it lacked jurisdiction over Ms. Chisum's claims based on violations of civil rights and housing discrimination statutes, the Americans with Disability Act, and the Health Insurance Portability and Accountability Act. *Id.* at 2. A day later, on November 21, 2024, the clerk's office issued a judgment dismissing the case. SAppx 3.

On March 14, 2025, Ms. Chisum filed a notice of appeal. ECF No. 1; SAppx 4.

---

[1] "SAppx" refers to the supplemental appendix filed with the government's informal response brief.

## DISCUSSION

We have jurisdiction over appeals from the Claims Court under 28 U.S.C. § 1295(a)(3). Pursuant to 28 U.S.C. § 2522, "[r]eview of a decision of the [Claims Court] shall be obtained by filing a notice of appeal with the clerk of the [Claims Court] within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts." 28 U.S.C. § 2522. Pursuant to Fed. R. App. P. 4(a)(1)(B), a notice of appeal must be filed within 60 days after entry of judgment when one of the parties is the United States. Fed. R. App. P. 4(a)(1)(B).

"[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (per curiam)). An untimely appeal from the Claims Court must be dismissed for lack of jurisdiction; there is no opportunity for waiver or equitable tolling. *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008) (citing *Bowles*, 551 U.S. at 214).

Because Ms. Chisum's claims were filed against the United States, she was required to file her notice within 60 days of November 21, 2024, the day the Claims Court entered judgment in her suit. 28 U.S.C. § 2522; Fed. R. App. P. 4(a)(1)(B). Instead, Ms. Chisum filed her notice of appeal on March 14, 2025, 113 days later. *See* ECF No. 1. Thus, we lack jurisdiction over her claims and must dismiss. *Bowles*, 551 U.S. at 209; *see also Sofarelli Assocs., Inc. v. United States*, 716 F.2d 1395, 1396 (Fed. Cir. 1983).

**DISMISSED**

## COSTS

No costs.