NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**POP TOP CORP.,**
*Plaintiff*

**v.**

**RAKUTEN KOBO INC.,**
*Defendant-Appellee*

**v.**

**ROHIT CHANDRA,**
*Movant-Appellant*

---

2025-1392

---

Appeal from the United States District Court for the Northern District of California in No. 4:20-cv-04482-YGR, Judge Yvonne Gonzalez Rogers.

---

Decided:  December 9, 2025

---

JOSHUA LEE RASKIN, Greenberg Traurig LLP, New York, NY, for defendant-appellee.  Also represented by KATHRYN ALBANESE, VIMAL KAPADIA, JUSTIN ALBANO MACLEAN.

ROHIT CHANDRA, Sunnyvale, CA, pro se.

———————————

Before MOORE, *Chief Judge*, STARK, *Circuit Judge*, and OETKEN, *District Judge*.[1]

STARK, *Circuit Judge*,

Pro se Appellant Rohit Chandra appeals from an order of the United States District Court for the Northern District of California adding him as a debtor to an existing judgment against his company, Pop Top Corp. ("Pop Top"). S.A. 17-28.[2] Mr. Chandra also moves for sanctions against Appellee Rakuten Kobo Inc. ("Kobo") and its counsel, ECF No. 30, and a stay of collection of the judgment against him, ECF No. 48. We lack jurisdiction over Mr. Chandra's appeal due to his failure to file a timely notice of appeal. We therefore dismiss his appeal and deny his motions.[3]

I

On June 25, 2021, the district court granted summary judgment of non-infringement to Kobo in a suit brought by Pop Top that alleged Kobo infringed Pop Top's U.S. Patent No. 7,966,623. S.A. 52. With the consent of the parties, this dispositive motion was resolved by a magistrate judge. S.A. 69-70. Pop Top appealed that decision to our court,

———————————

[1]    The Honorable J. Paul Oetken, District Judge, United States District Court for the Southern District of New York, sitting by designation.

[2]    "S.A." refers to the Supplemental Appendix filed by Appellee Rakuten Kobo Inc. ECF No. 33.

[3]    Mr. Chandra also moves to supplement the record. ECF No. 49. Because that motion relates entirely to our internal processing of this appeal, we grant it.

and Kobo moved for an award of attorneys' fees. *Pop Top Corp. v. Rakuten Kobo Inc.*, 2022 WL 2751662 (Fed. Cir. July 14, 2022). We granted Kobo's motion as a sanction because "Pop Top's appeal was frivolous," and held Pop Top and its attorney jointly and severally liable to pay Kobo $107,748.27. *Id.* at *2-3. Pop Top's counsel paid Kobo the $107,748.27.

Meanwhile, Kobo sought to recover additional attorneys' fees it had expended in this litigation by filing a motion pursuant to 35 U.S.C. § 285 in the district court. S.A. 53. Finding that Pop Top's case was "objectively unreasonable" and "substantive[ly] weak[]," the court granted the motion and awarded Kobo $274,721.43, to be paid within 30 days (the "Fees Award"). S.A. 71, 80, 91. In a subsequent appeal, we again affirmed. *See Pop Top Corp. v. Rakuten Kobo Inc.*, 2023 WL 2783178, at *1 (Fed. Cir. Apr. 5, 2023). Pop Top never paid the Fees Award.

Back in the district court, Kobo moved under Federal Rule of Civil Procedure 69(a) to amend the Fees Award judgment and add Mr. Chandra as Pop Top's alter ego (the "Motion to Amend"). S.A. 460-82. On April 2, 2024, the Chief Magistrate Judge for the Northern District of California issued a Report and Recommendation ("R&R"), recommending that the district court grant the Motion to Amend. S.A. 15. On August 15, 2024, applying de novo review, a district judge adopted the R&R and added Appellant to the Fees Award judgment. S.A. 28; *see also* Fed. R. Civ. P. 72(b)(3).

On August 29, 2024, Mr. Chandra moved for an extension of time to file a motion for reconsideration. S.A. 780-85. That motion was denied as moot because the district's local rules require first seeking leave to file a motion for reconsideration (and hence do not set forth a specific deadline for filing such a motion). S.A. 788. On October 25, 2024, Mr. Chandra properly moved for leave, which the district court denied on December 17, 2024. S.A. 62, 789-800.

At no time did Mr. Chandra file a motion to extend the time to file a notice of appeal.  *See* 28 U.S.C. § 2107(c).

Mr. Chandra incorrectly noticed an appeal to the Ninth Circuit on January 15, 2025.  S.A. 801-05.  He then filed his notice of appeal to this court on January 17, 2025.  S.A. 807-10.

## II

Kobo argues that we must dismiss Mr. Chandra's appeal for lack of jurisdiction because his notice of appeal was untimely.  Kobo is correct.

"In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A); *see also* 28 U.S.C. § 2107(a) ("[A] notice of appeal [must be] filed[] within thirty days after the entry of [a] judgment, order or decree.").  "If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure – and does so within the time allowed by those rules – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . to alter or amend the judgment under Rule 59; [or] . . . for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59."  Fed. R. App. P. 4(a)(4)(A)(iv), (vi).  A motion under Rule 59 "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).

Here, the order appealed from is the district court's amended final judgment, adding Mr. Chandra to the judgment, which the district court entered on August 15, 2024.  S.A. 28.[4]  This made Mr. Chandra's notice of appeal due 30

---

[4]    Although Mr. Chandra's notice of appeal to this Court purported to appeal both the final judgment and the

days later, which was September 16.[5] *See* Fed. R. App. P. 4(a)(1)(A). The only way for Mr. Chandra to extend that deadline would be to timely file either (a) a motion to extend the time for filing a notice of appeal, *see* 28 U.S.C. § 2107(c), or (b) a motion listed in Fed. R. App. P. 4(a)(4)(A). Mr. Chandra never moved to extend the time for filing a notice of appeal. Instead, he filed (i) on August 29, a motion for extension of time to file a motion for reconsideration, which was denied on September 19, and (ii) on October 25, a motion for leave to file a motion for reconsideration, which was denied on December 17. Neither of these motions extended the time to file an appeal under Fed. R. App. P. 4(a)(4)(A). While a motion for reconsideration under Rule 60 would be such a motion, it tolls the time for filing a notice of appeal *only* when the Rule 60 motion is "filed within the time allowed for filing a motion under Rule 59," which is 28 days from the date of the order to be reconsidered. Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59. Here, that would have been September 12, 2024 (i.e., 28 days after the August 15, 2024 entry of judgment adding Mr. Chandra). Thus, even if we consider Mr. Chandra's

---

later denial of his motion for leave to file a motion for reconsideration, S.A. 808, Mr. Chandra's briefing on appeal challenged only the final judgment issued on August 15, 2024. Accordingly, Mr. Chandra preserved only his challenges to the final judgment and forfeited any challenges to the denial of his motion for leave to file a motion for reconsideration. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived.").

[5]    Because the thirtieth day, September 14, was a Saturday, the rules permitted Mr. Chandra to file up until two days later on Monday, September 16. *See* Fed. R. App. P. 26(a)(1)(C).

motion for leave to file a motion for reconsideration to be a Rule 60 motion, it still would not extend the time to appeal because Mr. Chandra did not file it until October 25, more than a month after the September 12 deadline.

Therefore, both of Mr. Chandra's notices of appeal, filed January 15 and 17, 2025, were untimely. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling." *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008); *see also Int'l Rectifier Corp. v. IXYS Corp.*, 515 F.3d 1353, 1357 (Fed. Cir. 2008) ("[T]he jurisdictional rules lack equitable exceptions."). Hence, we lack jurisdiction and must dismiss Mr. Chandra's appeal.[6]

## III

We have considered Mr. Chandra's remaining arguments and find them unpersuasive. Accordingly, for the reasons stated, we dismiss Mr. Chandra's appeal.

**DISMISSED**

COSTS

Costs to Kobo.

---

[6] While we cannot, therefore, decide Mr. Chandra's appeal, it would be wrong to draw from our disposition the conclusion that he has raised issues of any merit. We deny Mr. Chandra's pending motions – for sanctions, ECF No. 30, and for a stay, ECF No. 48 – as moot.